IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JIBRIL LUOMAN IBRAHIM, aka GRANT ANDERSON<br>    Petitioner | *<br>*<br>* |
| v. | CIVIL ACTION NO. RDB-09-1206 |
| | * |
| ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br>    Respondents | *<br>* |
| ****** | |

## **MEMORANDUM OPINION**

On May 8, 2009, Plaintiff filed the instant Petition for Writ of Habeas Corpus, invoking this Court's jurisdiction under 28 U.S.C. § 2241. Counsel for Respondents has filed a dispositive motion which is opposed. Paper Nos. 5 and 8. No hearing is needed to resolve whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2009). For the reasons that follow, Respondents' dispositive motion shall be granted.

### **Background**

Plaintiff was sentenced to a term of eighteen years to life imprisonment in the District of Columbia Superior Court on October 27, 1988. Pursuant to the National Capitol Revitalization and Self-Government Improvement Act of 1997, [1] District of Columbia prisoners were placed under the authority of the Federal Bureau of Prisons (BOP). The United States Parole Commission ("Commission") became the paroling authority for those prisoners, effective August 5, 1998. *See* 28 C.F.R. § 2.70 (2000).

Petitioner was paroled from the custody of the Bureau of Prisons in January, 2009. Paper No. 5. Petitioner is a resident of the District of Columbia and his parole officer is Sean Stamps, who is employed by the District of Columbia Court Services and Offender Supervision Agency

---

[1] Pub. L. No. 105-33; *see also* 18 U.S.C. § 4202.

("CSOSA"). *Id*.

The instant Petition is not a picture of clarity. Petitioner appears to complain regarding the legality of the sentence imposed upon him by the District of Columbia Superior Court as well as the calculation of that sentence by the BOP. Paper No. 1. For relief he seeks that "which he is entitled in this proceeding." *Id*.

## Analysis

To the extent Petitioner attempts to challenge the constitutionality of the sentence imposed by the District of Columbia, his effort to raise such a claim in a § 2241 Petition is improper. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate set aside or correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of § 2241, there is an exception under the so-called "savings clause" in § 2255.[2] This exception provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of

---

[2]28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *See Jones* 226 F.3d at 333-34.  Whether Petitioner has alleged sufficient facts to bypass the gatekeeping provisions of § 2255 to challenge his sentence must be brought in the sentencing court.  As such, this Court lacks jurisdiction to hear Petitioner's claim under § 2255.

To the extent Petitioner may bring his claim under § 2241, venue is improper.  Subject matter jurisdiction of a § 2241 action lies in the federal district court where Petitioner is incarcerated or in the federal district court where Petitioner's custodian is located.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973).  Petitioner is no longer confined.  His custodian or the person who has the day-to-day responsibility for his custody, is his parole officer, who is employed in the District of Columbia.  Moreover, Petitioner resides in the District of Columbia, his sentence arose in the District of Columbia, and he has filed a Petition for Writ of Habeas Corpus in the District of Columbia.[3]  Accordingly, this Court finds that jurisdiction of the instant action lies in the District of Columbia, not in Maryland. Accordingly, the undersigned shall dismiss the petition without prejudice.

/s/

RICHARD D. BENNETT
UNTIED STATES DISTRICT JUDGE

---

[3] *See Anderson v. Holder, et al.,* Civil Action No. RWR-09-1197, United States District Court for the District of Columbia.